DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, John and Cynthia Frank, appeal the decision of the Lucas County Court of Common Pleas, which granted appellee's motion for summary judgment. For the following reasons, the judgment is affirmed. *Page 2 
 {¶ 2} Appellee, Arthur Simon[1], and Cynthia Frank were involved in an automobile accident on January 13, 2000. Cynthia was proceeding westbound through a major intersection in Toledo, Ohio, and appellee, facing east, attempted to turn left (north). The cars collided in the intersection, and Cynthia was cited for running the red light.
 {¶ 3} On April 17, 2000, Cynthia was found guilty of the red light violation charge in Toledo Municipal Court after a full trial. On September 2, 2004, appellants filed the instant complaint, alleging appellee's negligence in failing to yield the right of way caused the collision, and seeking damages for Cynthia's injuries, lost wages and for John's loss of consortium. Appellee moved for summary judgment, including in his motion the transcript of Cynthia's trial and a certified copy of the Toledo Municipal Court judgment entry. In its journal entry granting appellee's motion for summary judgment, the trial court found that appellants were collaterally estopped from relitigating the issue of the color of the light at the time of the accident.
 {¶ 4} Appellants timely appealed and now raise two assignments of error for review:
 {¶ 5} "I. The trial court erred in applying the doctrine of issue preclusion in this case, because appellee was not bound by the decision in appellant Cynthia Frank's criminal trial. *Page 3 
 {¶ 6} "II. The trial court erred by holding that an issue determined in a criminal trial has preclusive effect in a subsequent civil action."
 {¶ 7} An appellate court reviews a grant of summary judgment de novo, applying the same standard as that used by the trial court. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. Once this burden has been satisfied, the nonmoving party has the burden, as set forth at Civ.R. 56(E), to offer specific facts showing a genuine issue remains for trial. Id. Summary judgment is properly granted when the evidence, construed most strongly in favor of the nonmoving party, demonstrates that there is no genuine issue of material fact and that reasonable minds can come to only one conclusion. Civ.R. 56(C).
 {¶ 8} Because appellants' assignments of error are related, we address them jointly. The rules of collateral estoppel are well-established in common law. "The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different. * * * [Collateral estoppel * * * precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated *Page 4 
and determined in a prior action that was based on a different cause of action. In short, under the rule of collateral estoppel, even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit." Fort FryeTeachers Ass'n, OEA/NEA v. State Employment Relations Bd. (1998),81 Ohio St.3d 392, 395 (internal citations omitted).
 {¶ 9} In its judgment entry, the trial court cited and applied the test for collateral estoppel from Monahan v. Eagle Picher Ind.,Inc. (1984), 21 Ohio App.3d 179. We followed this test in Young v.Gorski, 6th Dist. No. L-03-1243, 2004-Ohio-1325. According toMonahan, in order for collateral estoppel to apply, "a party must plead and prove the following elements: (1) The party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (3) the issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and (4) the issue must have been identical to the issue involved in the prior suit." Monahan, 21 Ohio App.3d at paragraph one of the syllabus.
 {¶ 10} As a matter of law, the trial court properly found that appellee established the elements of collateral estoppel. First, the party against whom estoppel is sought, Cynthia, was a party in the prior criminal action. Second, there was a final judgment on the merits in the criminal action, and Cynthia had a full and fair opportunity to litigate the issue of the color of the light. She testified, was able to cross-examine adverse witnesses, and she had the opportunity to appeal the adverse judgment. Third, the issue of the color *Page 5 
of the light was actually tried and was necessary to finding Cynthia guilty in her criminal case. Fourth, the issue in the criminal case is identical to the issue which would be pivotal in the civil suit — whether appellee or Cynthia was at fault for the collision.
 {¶ 11} Appellants argue that appellee cannot invoke collateral estoppel because appellee was not a bound party to Cynthia's criminal trial, citing Phillips v. Rayburn (1996), 113 Ohio App.3d 374. InPhillips, the trial court took judicial notice of the plaintiff s judgment of conviction in a criminal case, and applied collateral estoppel to preclude the plaintiff from relitigating the issue in subsequent civil case. The appellate court held that the trial court erred in taking judicial notice of its judgment in another case; instead, the criminal judgment of conviction should have been incorporated into the motion for summary judgment by way of affidavit was required by Civ.R. 56(C). Phillips, therefore, is distinguishable.
 {¶ 12} Though not labeling it as such, appellants, throughout their arguments, advocate the application of strict mutuality of parties. The doctrine of mutuality required both parties to have been bound by a prior judgment in order for either party to assert that prior judgment in a subsequent action. This doctrine was rejected in the federal courts by Parkland Hosiery Co., Inc. v. Shore (1979), 439 U.S. 322, which permitted limited "offensive use" of collateral estoppel. In contrast, the "defensive use" of collateral estoppel seeks to use a prior judgment as a shield, not a sword; the defendant seeks to prevent a plaintiff from asserting a claim that the plaintiff had previously litigated and lost. The defensive use of collateral estoppel has been upheld in the majority of Ohio *Page 6 
appellate courts. See Hoover v. Transcontinental Ins. Co., etal, 2nd Dist. No. 2003-CA-46, 2004-Ohio-72, ¶ 15, noting that the consensus is to "eliminate the mutuality requirement if the party against whom collateral estoppel is asserted has had his day in court in a prior action and, in that forum, was permitted to fully and fairly litigate the specific issue raised in a later proceeding."
 {¶ 13} "[Prerequisite to the application of collateral estoppel is that the party asserting the preclusion must prove that the identical issue was actually litigated, directly determined, and essential to the judgment in the prior action." Goodson v. McDonough Power Equipment,Inc. (1983), 2 Ohio St.3d 193, 201. "Collaterally estopping a party from relitigating an issue previously decided against it violates due process where it could not be foreseen that the issue would subsequently be utilized collaterally, and where the party had little knowledge or incentive to litigate fully and vigorously in the first action due to the procedural and/or factual circumstances presented therein." Id.
 {¶ 14} Thus, contrary to appellants' assertions, an issue conclusively determined in a criminal case may have preclusive effect in a later civil case. For example, a criminal defendant's unsuccessful postconviction petition alleging ineffective assistance of counsel may bar a subsequent civil action for legal malpractice against the attorney, despite the fact that the attorney was not a party to the postconviction proceeding. Houser v. Pond, 9th Dist. No. 21887,2004-Ohio-4578, following Krahn v. Kinney (1989), 43 Ohio St.3d 103,107. Whether the issue was "actually and necessarily litigated" in the prior criminal action is more relevant than whether the party seeking to use collateral estoppel was a *Page 7 
bound party to the criminal action. "A criminal conviction is conclusive proof and operates as an estoppel on defendants as to the facts supporting the conviction in a subsequent civil action. * * * Estoppel extends only to questions `directly put in issue and directly determined' in the criminal prosecution." Wloszek v. Weston, Hurd,Fallon, Paisley Howley, LLP, 8th Dist. No. 82412, 2004-Ohio-146,¶ 40 (internal citations omitted).
 {¶ 15} The Toledo Municipal Court determined, beyond a reasonable doubt, that Cynthia entered the intersection in violation of the red light. Cynthia had a "full and fair" opportunity to defend the issue in the trial. Because appellee asserted collateral estoppel defensively against appellants, it is only necessary that Cynthia was a bound party to the prior action, not appellee. The trial court correctly allowed appellee to defensively use non-mutual collateral estoppel because the specific issue — the color the traffic light when Cynthia entered the intersection — would be directly in issue in the negligence action and was already fully litigated by Cynthia.
 {¶ 16} Because the trial court properly applied the doctrine of collateral estoppel, summary judgment for appellee on the issue of negligence was appropriate. Appellants could not have raised a genuine issue of material fact that appellee was negligent when it had been conclusively determined that Cynthia entered the intersection where the accident occurred in violation of the red light. Additionally, summary judgment was appropriate for John Frank's claim for loss of consortium. A claim for loss of consortium "is derivative in that the claim is dependent upon the defendant's having committed a *Page 8 
legally cognizable tort upon the spouse who suffers bodily injury."Bowen v. Kil-Kare (1992), 63 Ohio St.3d 84, 93. Appellants' two assignments of error are not well-taken.
 {¶ 17} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4
[1] Subsequent to appellants' filing their notice of appeal, a suggestion of appellee's death was filed pursuant to App.R. 29. *Page 1