## McFADDEN et al.

v.

## BUTLER.

2011-Ohio-6971.]

Court of Common Pleas of Ohio,
Hamilton County.

No. A1002247.

Decided June 30, 2011.

Eric Deters & Associates and Eric Deters; and William Cunningham, for plaintiff.

David Balzano, for defendant.

DeWine, Judge.

{¶ 1} This matter comes before the court on defendant/counterclaimant Katherine Butler's motion for partial summary judgment. At issue in this automobile-negligence case is the preclusive effect, if any, of plaintiff Guy McFadden's prior conviction for running a red light. The case presents an apparently novel issue of Ohio law: may a defendant use collateral estoppel to defeat a plaintiff's claim when the defendant has asserted a counterclaim arising out of the same facts?

{¶ 2} McFadden and Butler were involved in an auto accident at the intersection of Gilbert Avenue and Victory Parkway in Cincinnati, Ohio, on February 10, 2010. McFadden was issued a citation for the accident. A trial was held in the Hamilton County Municipal Court. According to his response to defendant's

motion for summary judgment, McFadden retained an expert in accident reconstruction for his defense at a trial on the charge, and McFadden testified on his own behalf. McFadden was convicted by the trial court for failing to obey a red light in violation of Cincinnati Municipal Code 506–40. The conviction was subsequently upheld by the First District Court of Appeals. *State v. McFadden* (Feb. 16, 2011), 1st Dist. No. C–100410.[1]

{¶ 3} Even before the criminal trial occurred in the municipal court, McFadden filed the instant lawsuit alleging that Butler had run 'the red light and negligently caused the accident. McFadden's wife also asserted a claim for loss of consortium. Butler answered and filed a counterclaim asserting that McFadden ran the light and negligently caused the accident. Butler moves for summary judgment in her capacity as defendant only.

{¶ 4} The doctrine of collateral estoppel has been explained to be a "preclusion of the relitigation in a second action of an issue or issues that have been actually and necessarily litigated and determined in a prior action." *Goodson v. McDonough Power Equip.* (1983), 2 Ohio St.3d 193, 195, 443 N.E.2d 978. There are two types of collateral estoppel or "issue preclusion." Offensive use of collateral estoppel "occurs when the plaintiff seeks to foreclose the defendant from litigating an issue [that] the defendant has previously litigated unsuccessfully in an action with another party." *Parklane Hosiery Co. v. Shore* (1979), 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552. Defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from asserting a claim that the plaintiff has previously litigated unsuccessfully in another action. Id. On this motion for summary judgment, Butler is attempting to use the doctrine defensively.

{¶ 5} While federal courts have allowed the use of both defensive and offensive collateral estoppel in appropriate circumstances, see *Parklane*, 439 U.S. at 323–325, 99 S.Ct. 645, 58 L.Ed.2d 552, Ohio courts have been more cautious. Ohio traditionally has required a strict mutuality of parties for the application of the doctrine. *Goodson*, 2 Ohio St.3d 193, 443 N.E.2d 978, at paragraph one of the

---

1. The court notes that while Butler appended the First District's decision to her motion for summary judgment, she failed to authenticate the appellate decision or to submit an authenticated copy of the judgment of conviction in the trial court. The proper manner to present a judgment entry to a court is through a properly formed Civ.R. 56(C) affidavit and, ordinarily, a court lacks authority to take judicial notice of a decision in another case. *Phillips v. Rayburn* (1996), 113 Ohio App.3d 374, 378–379, 680 N.E.2d 1279. In this case, however, McFadden admitted to the criminal conviction in his deposition and also concedes that he was convicted in his response to defendant's motion for summary judgment. Further, he has not offered any objection to Butler's failure to submit authenticated copies of the judgments of the trial and appellate courts. In such a situation, the court finds that the fact of McFadden's conviction is properly before the court.

syllabus. In reaching its decision in *Goodson* requiring mutuality of parties, the Ohio Supreme Court acknowledged that in an earlier case, *Hicks v. De La Cruz* (1977), 52 Ohio St.2d 71, 369 N.E.2d 776, it had allowed the use of offensive collateral estoppel under the facts of that case. *Goodson* at 199. The court explained in *Goodson*, however, that *Hicks* was not an abandonment of the mutuality rule but simply a demonstration that the court "[was] willing to relax the [mutuality] rule where justice would reasonably require it." Id.

{¶ 6} The trend in lower courts in Ohio since *Goodson* has been in the direction of relaxing the mutuality requirement to allow for at least the defensive use of collateral estoppel. See, e.g., *Frank v. Simon*, Lucas App. No. L–06–1185, 2007-Ohio-1324, 2007 WL 866998, at ¶ 12 ("[t]he defensive use of collateral estoppel has been upheld in the majority of Ohio appellate courts"). The First District Court of Appeals explicitly has recognized nonmutual defensive collateral estoppel. *Mitchell v. Internatl. Flavors, Inc.*, 179 Ohio App.3d 365, 2008-Ohio-3697, 902 N.E.2d 37.

{¶ 7} In *Mitchell*, the court held that "collateral estoppel applies when (1) the party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) there was a final judgment on the merits in the previous action after a full and fair opportunity to litigate the issue; (3) the issue was admitted or actually tried and decided and was necessary to the final judgment; and (4) the issue was identical to the issue involved in the new action." Id. at ¶ 14.

{¶ 8} All the elements of collateral estoppel are met in this case. There is no dispute that McFadden was convicted in the municipal court. His own recitation of the trial-court proceedings demonstrates that he had a full and fair opportunity to litigate the issue. The factual issue in the bench trial—whether McFadden ran the red light causing the accident—is identical to the issue in this civil action.

{¶ 9} McFadden argues that even if he is found to have run the red light, under principles of comparative fault, it does not necessary follow that Butler is entitled to summary judgment on the issue of liability. It is true that under Ohio law the contributory fault of the plaintiff does not bar the plaintiff from recovering damages "if the contributory fault of the plaintiff was not greater than the combined tortious conduct of all other person." R.C. 2315.33. In this case, however, McFadden is not able to point to any evidence in the record of contributory fault on the part of Butler.

{¶ 10} McFadden also argues that the doctrine of collateral estoppel should not be applied in this case because Butler has asserted a counterclaim against him based upon the same set of facts. McFadden argues that Ohio law

does not allow Butler to use the criminal conviction offensively to obtain summary judgment on her counterclaim and, therefore, there exists a risk of inconsistent judgments should this court grant partial summary judgment on McFadden's claim. Thus, McFadden argues, granting summary judgment in this case could actually subvert the purpose of the collateral-estoppel doctrine by creating the possibility of inconsistent judgments.

{¶ 11} The court is not convinced by this argument. As an initial matter, the court need not decide at this juncture whether offensive collateral estoppel would be appropriate in this case. Moreover, the court is not convinced that applying collateral estoppel defensively to McFadden's claim is inconsistent with the purposes of collateral estoppel. While McFadden contends that the purpose of collateral estoppel is to prevent inconsistent judgments, the United States Supreme Court has grounded the doctrine in concerns of judicial economy and efficiency. Collateral estoppel is said to serve "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane*, 439 U.S. at 326, 99 S.Ct. 645, 58 L.Ed.2d 552. If anything, this dual purpose argues for allowing both offensive and defensive collateral estoppel in a case such as this one. To foreclose Butler's use of collateral estoppel in her defense because she has also asserted a counterclaim would do nothing to advance the purposes of judicial economy and efficiency.

{¶ 12} Nor would granting Butler's motion for partial summary judgment increase the risk of inconsistent judgments. To the contrary, allowing the defensive use of collateral estoppel would likely decrease the risk of inconsistent judgments. If Butler is not allowed to invoke collateral estoppel, there is at least some chance that Butler will be found liable, a result that is directly inconsistent with the result in McFadden's criminal proceeding. On the other hand, should the court determine that Butler is allowed to invoke the doctrine defensively but not offensively, the result will be either three judgments that are completely consistent (criminal conviction of McFadden, McFadden liable on Butler's counterclaim, and Butler not liable on McFadden's claim) or three judgments that are at least not in conflict with each other (a finding of no liability for either party in the civil case and a criminal conviction for McFadden). Thus, contrary to McFadden's argument, defensive use of collateral estoppel will not increase the risk of conflicting judgments but instead will decrease that risk.

{¶ 13} An additional consideration is that it would seem unfair to penalize Butler because she happened to be injured in the accident and chose to assert a counterclaim. McFadden concedes that Ohio recognizes nonmutual collateral estoppel, and there would be little question that Butler could rely on the doctrine to defeat McFadden's claim if Butler had not also asserted a counterclaim. It

hardly seems good public policy to allow a party in an auto accident who has the good fortune not to be injured to rely on the collateral-estoppel effects of a criminal judgment against the other driver to defend against a claim, but to not afford a driver who has the misfortune to be injured the same treatment.

{¶ 14} Because the court finds that the doctrine of defensive collateral estoppel may properly be invoked in this case, the court will grant Butler's motion for partial summary judgment as to McFadden's claim. McFadden's spouse has asserted a claim for loss of consortium. A loss-of-consortium claim is derivative of a defendant having committed a legally cognizable tort upon the spouse. *Frank v. Simon,* 6th Dist. No. L–06–1185, 2007-Ohio-1324, 2007 WL 866998, at *3. Accordingly, summary judgment as to the loss-of-consortium claim is also appropriate.

{¶ 15} Defendant and counterclaimant Butler's motion for partial summary judgment is granted.

*Motion granted.*