[Cite as *Chibinda v. Depositors Ins.*, 2013-Ohio-526.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| PETER CHIBINDA, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2012-04-073 |
| | : | O P I N I O N |
| - vs - | | 2/19/2013 |
| | : | |
| DEPOSITORS INSURANCE, | : | |
| Defendant-Appellee. | : | |

CIVIL APPEAL FROM BUTLER COUNTY AREA III COURT
Case No. CVF0801606

Peter Chibinda, 5718 Liberty Pass Drive, Liberty Township, Ohio 45044, plaintiff-appellant, pro se

Subashi & Wildermuth, Nicholas E. Subashi, Andrew E. Rudloff, Halli Brownfield Watson, The Greene Town Center, 50 Chestnut Street, Suite 230, Dayton, Ohio 45440, for defendant-appellee

**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, Peter Chibinda, appeals from a Butler County Area III Court decision on remand granting summary judgment in favor of defendant-appellee, Depositors Insurance Company, on the basis that Chibinda's claim for coverage under his homeowner's insurance policy with Depositors was barred by the doctrine of collateral estoppel. For the reasons that follow, we agree with Chibinda's argument, reverse the judgment of the trial

court and remand this cause for further proceedings.

{¶ 2} Chibinda and his wife Dora had a homeowner's insurance policy with Depositors, an affiliate of Nationwide Insurance Company. In 2007, the Chibindas sought coverage under their homeowner's policy for water damage to their residence. A claims representative for Depositors, Jeffrey Boehm, inspected the damage and denied coverage on the basis of a policy provision that excluded coverage for loss caused by "[c]onstant or repeated seepage or leakage of water or steam over a period of weeks, months or years from * * * [a] plumbing system" within the insured's residence. Boehm informed the Chibindas of his decision to deny coverage in a letter with the heading, "**Nationwide®** *On Your Side.*"

{¶ 3} In February 2008, the Chibindas filed a complaint against Nationwide Insurance in the Butler County Area III Court. The Chibindas alleged that the water damage to their residence "was caused by a sudden pipe bust [sic] just below the kitchen counter bottom board" and that Nationwide had breached the terms of the parties' homeowner's insurance policy and acted in bad faith by wrongfully denying them coverage. Nationwide filed an answer to the Chibindas' complaint, denying any and all averments and allegations contained therein and alleging as one of its defenses that "'Nationwide Insurance' is not a proper party to this action."

{¶ 4} Nationwide later moved for summary judgment on the grounds that (1) the Chibindas' homeowner's policy had been issued by Depositors rather than Nationwide, and therefore the Chibindas had filed their complaint against the wrong party, and (2) the Chibindas' homeowner's policy expressly excluded coverage for the water damage in question. After the Chibindas filed a memorandum in opposition, the magistrate issued an "Entry Granting Summary Judgement [sic] In Favor Of The Defendant" which stated in pertinent part:

> The Plaintiffs failed to respond to the motion [for summary judgment] with proper evidence or affidavits. Technically, the interview by the Defendant's agent (Boehm) [*sic*][1] could be used, but even in reviewing that, there is no evidence to contradict the Defendant's evidence. The Plaintiff [sic] moved to compel the depositions [sic] of Boehm but did not request additional time to respond to the defendant's motion. With just a little proper response, the Plaintiff [sic] could have overcome the motion.
>
> More importantly, the issue of the proper Defendant was not addressed and the Defendant must prevail simply on that issue.

{¶ 5} On September 29, 2008, the trial court, finding that no objections to the magistrate's decision had been filed, ordered that the magistrate's decision would stand as the decision of the court. *Chibinda v. Nationwide Ins.*, Butler Cty. Court, Area III, No. CVF 0800239 (Sept. 29, 2008) (*Nationwide*). The Chibindas did not appeal the trial court's decision.

{¶ 6} On October 1, 2008, Chibinda, but not his wife, filed another complaint in the trial court that was similar to the one he and his wife had brought in *Nationwide*, except that it named "Depositors Insurance" rather than "Nationwide Insurance" as the defendant in the action. When Depositors failed to answer the complaint or otherwise defend in the action, Chibinda moved for default judgment. The trial court initially denied Chibinda's motion for default judgment. However, in early 2009, the trial court, after holding a hearing on the matter at Chibinda's request, granted default judgment to Chibinda against Depositors in the amount of $15,000 plus costs and interest.

{¶ 7} Upon learning that default judgment had been entered, Depositors filed a Civ.R. 60(B) motion to set aside the default judgment. A hearing was scheduled on the motion in May 2009, and then rescheduled to a later date in June 2009 because the trial judge was unavailable. However, no further filings were made in the case until nearly one year later.

---

1. Boehm was actually Depositors' agent rather than Nationwide's agent.

{¶ 8} In May 2010, the parties were sent notice that a status hearing had been scheduled for July 14, 2010. After holding the scheduled status hearing, the magistrate issued an entry that directed Depositors to brief the 'res judicata' issue by August 16, 2010, allowed Chibinda to respond, and stated that the court would review the "the issues in dispute on August 25, 2010."

{¶ 9} On August 16, 2010, Depositors filed an answer and counterclaim for declaratory judgment. On that same date, Depositors filed a separate motion for summary judgment, arguing that since Chibinda's claims had been litigated in *Nationwide*, he should be barred under the doctrine of collateral estoppel from relitigating them in the current action. Chibinda did not file a response to the motion for summary judgment.

{¶ 10} On August 25, 2010, the magistrate issued a decision recommending that Depositors' motion for summary judgment be granted, that Depositors' counterclaim be dismissed as moot, and that Chibinda's complaint be dismissed with prejudice. On August 26, 2010, the trial court adopted the magistrate's recommendations in their entirety and made them the order of the court. *Chibinda v. Depositors Ins.*, Butler Cty. Area III, Case No. CVF 0801606 ("*Depositors*").

{¶ 11} On appeal, this court reversed the trial court's decision in *Depositors*. This court found that the trial court erred by failing to rule on Depositors' Civ.R. 60(B) motion to set aside the 2009 default judgment and by granting summary judgment to Depositors without requiring Depositors to serve its motion for summary judgment upon Chibinda at least 14 days prior to the hearing scheduled on the motion as required by Civ.R. 56(C). *Chibinda v. Depositors Ins.*, 12th Dist. No. CA2010-09-254, 2011-Ohio-2597, ¶ 24-40 (*Chibinda* I). We declined to rule on Chibinda's argument that the trial court erred by granting summary judgment to Depositors on the basis of res judicata or collateral estoppel, finding that the trial court had prematurely ruled on this issue without first ruling on Depositors' motion to set

aside the default judgment and without requiring Depositors to serve its motion for summary judgment. *Id.* at ¶ 41. We remanded the matter for further proceedings consistent with our opinion. *Id.* at ¶ 42.

{¶ 12} On remand, the trial court granted Depositors' motion to set aside or vacate the default judgment granted to Chibinda in 2009. The trial court then granted Depositors leave to file a motion for summary judgment, and ruled that Depositors' August 16, 2010 motion for summary judgment would serve as that motion. In response, Chibinda filed a "reply" to Depositors' motion for summary judgment.

{¶ 13} On January 25, 2012, the magistrate issued a decision, noting that in *Nationwide*, the trial court granted summary judgment in favor of the defendant (Nationwide) on the grounds that the defendant "established by adequate evidence that [the Chibindas'] claim was not covered by the terms of the [homeowners'] policy"; the Chibindas "named the wrong [d]efendant" in their action; and that the Chibindas "failed to establish a genuine issue of material fact to controvert either issue." As a result, the magistrate found that Chibinda was "estopped from re-litigating the same issue in this case against this Defendant [*i.e.,* Depositors]."

{¶ 14} On February 6, 2012, Chibinda filed a "Motion to Set Aside Mgistrate's [*sic*] Order" in which he argued as follows:

> The Nationwide [*sic*] case involves similar issues but different parties namely: Peter and Dora Chibinda v. Nationwide Insurance Company, as opposed to Peter Chibinda v. Depositors Insurance. Therefore, the Magistrate Decision [*sic*] is erroneous in the sense that it cannot be sustained by Ohio law. As argued in plaintiff's briefing of the case, Nationwide has acknowledged in its pleadings that it is not a party to the cause of action brought by the Chibindas and the court ruled likewise. Depositors has no legal grounds on which to estop this cause of action against it.

{¶ 15} On March 13, 2012, the trial court overruled Chibinda's motion to set aside the magistrate's decision, finding that "the issue of liability for the water damage was conclusively

determined in the first action against Nationwide, notwithstanding that Nationwide may not have been the proper party[,]" and therefore, "[p]rinciples of collateral estoppel and issue preclusion prevent this court from relitigating this same issue."

{¶ 16} Chibinda now appeals, assigning the following as error:

{¶ 17} Assignment of Error No. 1:

{¶ 18} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING DEFENDANT-APPELLEE [sic] MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW BASED UPON THE DOCTRINES [sic] OF COLLERAL ESTOPPEL.

{¶ 19} Assignment of Error No. 2:

{¶ 20} THE TRIAL COURT ERRED BY COLLATERALLY ESTOPPING APPELLANT FROM RE-LITIGATING A CLAIM PREVIOUSLY DECIDED AGAINST HIM ON A SINGLE ISSUE WHEN THE OPPORTUNITY TO LITIGATE THE PRECLUSIVE ISSUE WAS TECHNICALLY NOT AVAILABLE TO HIM.

{¶ 21} Assignment of Error No. 3:

{¶ 22} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY IGNORING CLAIM OF FRAUD AND BAD FAITH BY DEPOSITORS CONTAINED IN APPELLANT [sic]. THESE ACTS ARE ILLEGAL IN THE STATE OF OHIO PURSUANT TO O.R.C. 3901.19 AND 3901.20.

{¶ 23} Assignment of Error No. 4:

{¶ 24} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ALLOWING DEPOSITORS TO ASSERT A LEGAL POSITION INCONSISTENT WITH A LEGAL POSITION TAKEN IN A PRIOR ACTION WHENEVER ADVANTAGEOUS TO DO SO, NOTABLY AS REGARDING THE QUESTION OF 'PROPER PARTY DEFENDANT' [sic].

{¶ 25} Assignment of Error No. 5:

{¶ 26} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY

GRANTING SUMMARY JUDGMENT TO APPELLEE BASED ON *RES JUDICATA* WHERE IT WAS NOT A PARTY TO THE ORIGINAL CASE.

{¶ 27}  Assignment of Error No. 6:

{¶ 28}  THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DEPRIVING APPELLANT OF HIS CONSTITUTIONAL AND STATE RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW WHEN THE MAGISTRATE 'NUANCED' HIS OWN ORDER FROM THE INITIAL CASE TO FAVOR APPELLEE'S COLLATERAL ESTOPPEL CLAIM.

{¶ 29}  Before addressing Chibinda's assignments of error, we must discuss two preliminary matters.

{¶ 30}  First, in *Chibinda* I, 2011-Ohio-2597 at ¶ 3, this court, when setting forth the facts and procedural history of the case, stated that Depositors had represented itself as "Nationwide Insurance" in that action.  We arrived at this conclusion because the defendant in that action, Nationwide had referred to itself in its pleadings, motions and briefs in that action as "Nationwide Insurance," placing quotation marks around its name.  Nationwide and Depositors, which are separate though affiliated corporate entities, were represented by the same counsel.  What is clear now is that (1) Depositors did *not* represent itself as Nationwide in the Chibindas' action against Nationwide; (2) Nationwide represented itself in that action, using the same counsel that now represents Depositors in the current action; and (3) Depositors played no role in the proceedings in *Nationwide.*  To the extent *Chibinda* I suggests anything different from the above, that portion of the decision is overruled.

{¶ 31}  The second preliminary matter we need to address is Depositors' assertion that Chibinda failed to file a timely, proper objection to the magistrate's January 25, 2012 decision as required by Civ.R. 53(D)(3)(b)(i)-(iii).  Depositors argues that Chibinda therefore waived his right to assign as error on appeal, except as a claim of plain error, the trial court's

adoption of the magistrate's decision pursuant to Civ.R. 53(D)(3)(b)(iv). This argument lacks merit. The record shows that Chibinda filed a motion to set aside the magistrate's decision on February 6, 2012, which was within 14 days of the date the magistrate issued its decision. Contrary to what Depositors contends, the trial court properly treated this motion as a timely objection under Civ.R. 53(D)(3)(b).

{¶ 32} Turning now to Chibinda's assignments of error, we note that his first, second, fourth, fifth and sixth assignments of error raise issues that are interrelated, and therefore we will discuss them together. In those assignments of error, Chibinda argues the trial court erred by granting summary judgment to Depositors on the basis of collateral estoppel. We agree.

{¶ 33} A court of appeals engages in a *de novo* review of a trial court's decision to grant summary judgment. *Farmer v. Bailey*, 12th Dist. No. CA2009-04-046, 2009-Ohio-5921, ¶ 7. A trial court may grant a moving party summary judgment when (1) there are no genuine issues of material fact remaining to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, which is entitled to have the evidence viewed most strongly in its favor. *Id.* The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Id.*, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the moving party meets its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. *Farmer.*

{¶ 34} The doctrine of res judicata consists of two branches: (1) "claim preclusion," also known as "estoppel by judgment," and (2) "issue preclusion," also known as "collateral estoppel." *Id.* Claim preclusion or estoppel by judgment bars the relitigation of the same cause of action between the same parties. *Id.* Issue preclusion or collateral estoppel

precludes a party from relitigating issues of fact or law that have been actually and necessarily litigated and determined in a different cause of action. *Id.*

{¶ 35} Offensive use of collateral estoppel occurs when the plaintiff seeks to prevent the defendant from relitigating a fact or issue that the defendant has previously litigated unsuccessfully in another action. *Providence Manor Homeowners Assoc., Inc. v. Rogers*, 12th Dist. No. CA2011-10-189, 2012-Ohio-3532, ¶ 40. Defensive use of collateral estoppel occurs when the defendant seeks to prevent the plaintiff from relitigating a fact or issue that the plaintiff has previously litigated unsuccessfully in another action. *Id.*

{¶ 36} To successfully assert collateral estoppel, a party must show that (1) the fact or issue in question was passed upon and determined by a court of competent jurisdiction, (2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the fact or issue in question, (3) the fact or issue in question was either admitted or actually tried and decided and was necessary to the final judgment, (4) the fact or issue in question is identical to the fact or issue involved in the prior suit, and (5) there is a "mutuality of parties." See *id.* at ¶ 43. Mutuality of parties exists when all parties or their privies to the present proceedings were bound by the prior judgment. Therefore, in order to preclude either party from relitigating an issue, a judgment must be preclusive upon both. *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 195-196 (1983).

{¶ 37} The Ohio Supreme Court indicated in *Goodson* at 199 that the mutuality requirement could be relaxed "where justice would reasonably require it." A number of appellate courts, including this one, relying on language in *Goodson*, have relaxed the mutuality requirement and allowed the nonmutual defensive use of collateral estoppel when a party against whom the doctrine is asserted previously had his day in court and was permitted to fully litigate the specific issue sought to be raised in the later action. *Rogers*, 2012-Ohio-3532 at ¶ 40. *See also, Hoover v. Transcontinental Ins. Co.*, 2nd Dist. No. 2003-

CA-46, 2004-Ohio-72, ¶ 17.

{¶ 38} Depositors, relying on cases like *Rodgers*, argues that even though it was not a party to the proceedings in *Nationwide*, it should nevertheless be allowed to make defensive use the trial court's decision in that case to collaterally estop Chibinda from relitigating the issue of whether he is entitled to coverage under his homeowner's policy with Depositors. We find this argument unpersuasive.

{¶ 39} The trial court granted summary judgment to Depositors on the ground that "the issue of liability for the water damage [to Chibinda's residence] was conclusively determined in the first action against Nationwide, notwithstanding that Nationwide may not have been the proper party." As a result, the trial court concluded that Chibinda was prevented by the "[p]rinciples of collateral estoppel and issue preclusion * * * from relitigating this same issue."

{¶ 40} By finding that the issue of liability for the water damage had been "conclusively determined" in *Nationwide*, the trial court was relying on its finding in that case that the Chibindas failed to present sufficient evidence to show the existence of a genuine issue of material fact as to whether they were entitled to coverage under their homeowner's policy with Depositors. However, the trial court, in the very next sentence of its decision, stated that "*[m]ore importantly*, the issue of the proper Defendant was not addressed and the Defendant *must prevail simply on that issue.*" (Emphasis added.) The trial court found that the Chibindas failed to name the proper party defendant in its action, and that Nationwide prevailed on that issue alone.

{¶ 41} Prior to the adoption of the Ohio Rules of Civil Procedure, courts in this state held that if a plaintiff named an incorrect party as the defendant in the action, the plaintiff's case would not be "thrown out of court." The trial court, in the exercise of its discretion, would correct the mistake so that the true merits of the controversy could be determined by

the proper parties. *Board of Ed. of Miami Trace Local School Dist. v. Marting*, 88 Ohio Law Abs. 453, 465 (C.P.1961). Civ.R. 21 similarly provides that parties may be dropped or added by order of the court on its own initiative or on motion of any party at any stage of the action and on such terms as are just, and that misjoinder or nonjoinder of parties is not ground for dismissal of an action.

{¶ 42} Accordingly, when the trial court learned in *Nationwide* that the Chibindas had named the wrong party defendant in their action, the trial court should not have dismissed the Chibindas' action; instead, the trial court should have *dropped* Nationwide from the action as the party defendant and *added* Depositors as the party defendant to the action so that the true merits of the controversy could then be determined with the proper parties present in the action. See Civ.R. 21 and *Marting*.

{¶ 43} However, since the trial court did not substitute Depositors for Nationwide, the court had no need or justification to rule on the substantive issue of whether or not the Chibindas had presented sufficient evidence to create a genuine issue of material fact as to their claim for coverage under their homeowner's policy with Depositors. Nationwide did not have standing to argue the substantive merits of the Chinbindas' claim.

{¶ 44} Therefore, the trial court's finding that the Chibindas failed to present sufficient evidence to create a triable issue of fact regarding their coverage claim in *Nationwide* was dicta and cannot be used to establish a collateral estoppel defense for Depositors. *See Rogers*, 12th Dist. No. CA2011-10-189, 2012-Ohio-3532, ¶ 43 (To successfully assert collateral estoppel, a party must show, among other things, that the fact or issue in question was "necessary" to the final judgment). Consequently, the trial court erred by awarding summary judgment on remand to Depositors on Chibinda's claim for coverage on the basis of collateral estoppel.

{¶ 45} In light of the foregoing, Chibinda's first, second, fourth, fifth and sixth

assignments of error are sustained.  Our ruling on those assignments of error renders the third assignment of error moot.

{¶ 46}   The judgment of the trial court is reversed, and this cause is remanded for further proceedings according to law and consistent with this opinion.

S. POWELL, P.J., and HENDRICKSON, J., concur.