[Cite as *Agic v. Natl. Union Fire Ins., Co of Pittsburgh*, 2014-Ohio-4205.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100679**

---

## EDIN AGIC

PLAINTIFF-APPELLANT

vs.

## NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-798311

**BEFORE:** McCormack, J., Boyle, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** September 25, 2014

**ATTORNEYS FOR APPELLANT**

Kenneth C. Podor
Wesley Alton Johnston
The Podor Law Firm, L.L.C.
33565 Solon Road
Solon, Ohio   44139


**ATTORNEYS FOR APPELLEES**

**For National Union Fire Insurance Co.**

Steven G. Janik
Crystal Lynn Maluchnik
Janik, L.L.P.
9200 South Hills Boulevard
Suite 300
Broadview Heights, Ohio   44147

**For Consolidated Benefits Resources, L.L.C.**

Jay Clinton Rice
Mark D. Thompson
D. John Travis
Gallagher Sharp
6th Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio   44115

TIM McCORMACK, J.:

**{¶1}** Plaintiff-appellant, Edin Agic, appeals the judgment of the common pleas court granting summary judgment in favor of defendants-appellees, National Union Fire Insurance Company of Pittsburgh ("National Union") and Consolidated Benefits Resources, L.L.C. ("CBR"). After a careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Factual and Procedural History

**{¶2}** On January 3, 2008, while operating his tractor trailer in the course and scope of his employment, appellant was involved in a motor vehicle accident in Seattle, Washington. Following the accident, appellant made a claim for temporary total disability and medical expense benefits under policy No. TRK 0009102454 (the "Policy") issued by National Union. CBR served as the third-party administrator with respect to appellant's claims. Appellant's claims were initially paid under the Policy, however, in a letter dated July 21, 2008, appellant was informed that he was no longer entitled to ongoing benefits. The letter stated that the decision to terminate his insurance benefits was supported by an investigation and an independent medical evaluation by Dr. John Dunne, which found that "[appellant] no longer suffers from any injuries associated with the motor vehicle accident which would prevent him from his return from gainful employment."

**{¶3}** On January 21, 2011, appellant filed a personal injury action in the Superior Court of King County, Washington (Case No. 11-2-03851), against two drivers involved

in the January 3, 2008 accident.   Prior to trial, one of the drivers, Timothy Coy, admitted that his negligence was the cause of the accident.   Thus, the sole issue of whether Coy's negligence was the proximate cause of any injury to appellant was tried to a jury on February 13, 2013.   At the conclusion of the trial, the jury found that appellant sustained no injuries as a result of the January 3, 2008 accident and awarded no damages.

{¶4} On February 11, 2011, appellant filed a complaint in Cuyahoga County (Cuyahoga C.P. No. CV-11-774339) asserting causes of action for declaratory judgment, breach of contract, bad faith, civil conspiracy, and intentional and/or negligent infliction of emotional distress.   The original lawsuit named 11 defendants, including National Union and CBR.   On December 23, 2011, appellant filed a voluntary dismissal pursuant to Civ.R. 41(A).   On December 28, 2012, more that one year after the voluntary dismissal, appellant refiled his complaint against National Union and CBR for declaratory judgment, breach of contract, bad faith, civil conspiracy, and intentional and/or negligent infliction of emotional distress.   On March 1, 2013, he voluntarily dismissed his claims against National Union and CBR for  intentional and negligent infliction of emotional distress.   Thus, his remaining claims against defendants were for declaratory judgment, breach of contract, bad faith, and civil conspiracy.

{¶5} On August 26, 2013, National Union moved for partial summary judgment on appellant's claims for bad faith and civil conspiracy, asserting that such claims were "barred as having been filed beyond the statute of limitations." On August 28, 2013, CBR moved for partial summary judgment on the same basis.

**{¶6}** On September 4, 2013, CBR moved for summary judgment on appellant's claims for breach of contract, bad faith, and civil conspiracy, asserting that such claims were barred by the doctrine of collateral estoppel. On September 6, 2013, National Union moved for summary judgment on the same basis.

**{¶7}** On November 5, 2013, the trial court entered summary judgment in favor of National Union and CBR on all of appellant's claims. The trial court found that because appellant "failed to refile the case within the confines of the savings statute, [his] breach of the duty of good faith and fair dealing claim is defeated by the statute of limitations." The court further ordered, "[a]s [appellant]'s sole tort claim is dismissed, [his] claim for conspiracy must also fail."

**{¶8}** Moreover, the trial court held that appellant's claims for bad faith and breach of contract were collaterally estopped by the previously adjudicated negligence suit in Washington. The court explained that appellant was estopped from claiming that defendants treated him in bad faith or breached their contract by denying benefits under the Policy where a jury had previously determined that appellant did not suffer any injury as a result of the accident.

**{¶9}** Finally, the trial court sua sponte ruled that "although [appellant]'s claims fail on their merits, this court also finds that there are insufficient minimum contacts for jurisdiction to be proper in Ohio for Defendant CBR."

**{¶10}** Appellant now brings this timely appeal, raising four assignments of error for review:

I. The trial court committed prejudicial error in granting motions for summary judgment because there are genuine issues of material fact and defendants are not entitled to judgment as a matter of law.

II. The trial court committed prejudicial error in determining that appellant's bad faith and conspiracy claims are barred by the statute of limitations.

III. The trial court erred in determining that appellant's claims are collaterally estopped by the previously adjudicated negligence suit.

IV. The trial court erred in determining that personal jurisdiction was lacking over defendant CBR.

{¶11} Furthermore, CBR raises alternative grounds for judgment as a matter of law in the following four cross-assignments of error:

I. The trial court should have further held that appellant's claims for breach of contract and declaratory judgment claims against CBR fail as a matter of law.

II. The trial court should have held that appellant's bad faith claim against CBR fails as a matter of law.

III. The trial court should have further held that appellant's civil conspiracy claim is barred by the statute of limitations and otherwise fails as a matter of law.

IV. The trial court's advisory opinion provides alternative grounds for the dismissal of CBR: there are insufficient minimum contacts for jurisdiction to be proper in Ohio.

## II. Law and Analysis

{¶12} In his first assignment of error, appellant broadly argues that the trial court committed prejudicial error in granting motions for summary judgment in favor of National Union and CBR because there are genuine issues of material fact in dispute as to whether he was injured in the January 3, 2008 accident.

{¶13} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.,* 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998), citing *Horton v. Harwick Chem. Corp*., 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus.

{¶14} In challenging the trial court's judgment, appellant argues more specifically in his third assignment of error that the trial court committed prejudicial error in finding that he was collaterally estopped from pursuing his claims based on the previously adjudicated negligence suit in Washington.

{¶15} Based on the following, we agree with the trial court and find that appellant's claims for bad faith, breach of contract, and civil conspiracy are barred by collateral estoppel.

### A. Collateral Estoppel

{¶16} The doctrine of res judicata consists of two branches: (1) "claim preclusion," also known as "estoppel by judgment," and (2) "issue preclusion," also known as "collateral estoppel." *Chibinda v. Depositors Ins*., 12th Dist. Butler No. CA2012-04-073, 2013-Ohio-526, ¶ 34. Claim preclusion or estoppel by judgment bars

the relitigation of the same cause of action between the same parties. *Id*. Issue preclusion or collateral estoppel precludes a party from relitigating issues of fact or law that have been actually and necessarily litigated and determined in a different cause of action. *Id.*

{¶17} Offensive use of collateral estoppel occurs when the plaintiff seeks to prevent the defendant from relitigating a fact or issue that the defendant has previously litigated unsuccessfully in another action. *Id.,* citing *Providence Manor Homeowners Assn., Inc. v. Rogers*, 12th Dist. Butler No. CA2011-10-189, 2012-Ohio-3532, ¶ 40. Defensive use of collateral estoppel occurs when the defendant seeks to prevent the plaintiff from relitigating a fact or issue that the plaintiff has previously litigated unsuccessfully in another action. *Id*.

{¶18} To successfully assert collateral estoppel, a party must show that (1) the fact or issue in question was passed upon and determined by a court of competent jurisdiction, (2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the fact or issue in question, (3) the fact or issue in question was either admitted or actually tried and decided and was necessary to the final judgment, (4) the fact or issue in question is identical to the fact or issue involved in the prior suit, and (5) there is a "mutuality of parties." *See Rogers* at ¶ 43. Mutuality of parties exists when all parties or their privies to the present proceedings were bound by the prior judgment. Therefore, in order to preclude either party from relitigating an issue, a

judgment must be preclusive upon both. *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 195-196, 443 N.E.2d 978 (1983).

{¶19} However, relevant to the case at hand, the Ohio Supreme Court indicated in *Goodson* that the mutuality requirement could be relaxed "where justice would reasonably require it." *Id*. at 199. A number of appellate courts, relying on language in *Goodson*, have relaxed the mutuality requirement and allowed the nonmutual defensive use of collateral estoppel when a party against whom the doctrine is asserted previously had his day in court and was permitted to fully litigate the "specific issue" sought to be raised in the later action. *Rogers* at ¶ 40, citing *Hoover v. Transcontinental Ins. Co.*, 2d Dist. Greene No. 2003-CA-46, 2004-Ohio-72, ¶ 17; *Frank v. Simon*, 6th Dist. Lucas No. L-06-1185, 2007-Ohio-1324, ¶ 12; *Michell v. Internatl. Flavors & Fragrances, Inc.*, 179 Ohio App.3d 365, 2008-Ohio-3697, 902 N.E.2d 37 (1st Dist.); *see also Michaels Bldg. Co. v. Akron*, 9th Dist. Summit No. 13061, 1987 Ohio App. LEXIS 9881, *9 (Nov. 25, 1987) ("[N]onmutuality of parties has been acceptable where it is shown that the party seeking to avoid collateral estoppel clearly had his day in court on the specific issue brought into litigation within the later proceeding").

{¶20} In the instant case, the trial court applied the doctrine of defensive collateral estoppel and determined that, although National Union and CBR were not parties to the litigation in Washington, appellant was "estopped from claiming that defendants treated him in bad faith or breached their contract by denying disability payments under his

employer's policy for an occupational injury arising out of the same occurrence." We agree.

{¶21} Here, appellant brought causes of action for breach of contract, bad faith, and civil conspiracy against National Union and CBR, alleging that defendants improperly terminated his insurance benefits under the Policy. In support of his claims, appellant contends that he is entitled to disability and medical benefits under the Policy based on the injuries he sustained as a result of the January 3, 2008 accident.

{¶22} The Policy provides, in pertinent part:

**Temporary Total Disability Benefit**

If Injury to the Insured Person results in Temporary Total Disability * * * the Company [National Union] will pay the Temporary Total Disability Benefit specified below * * * the Temporary Total Disability Benefit shall be payable, retroactively, from the date that disability began, provided the Insured Person remains Temporarily Totally Disabled.

* * *

**Continuous Total Disability Benefit**

If Injury to the Insured Person, resulting in Temporary Total Disability, subsequently results in Continuous Total Disability, the Company will pay the Continuous Total Disability specified below * * *.

* * *

**Accident Medical Expense Benefit**

If an Insured Person suffers an Injury that requires him or her to be treated by a physician * * * the Company will pay the Usual and Customary Charges incurred for Medically Necessary Covered Accident Medical Services received due to that Injury * * *.

**{¶23}** Relevant to the arguments raised herein, the term "injury" is defined in the Policy as "bodily injury to an Insured Person *caused by* an Occupational accident while coverage is in force under this Policy * * * ." (Emphasis added.) "Occupational" means "that activity, accident, incident, circumstance or condition [that] occurs or arises out of or in the course of the Insured performing services within the course and scope of contractual obligations for the Policyholder, while under Dispatch."

**{¶24}** Thus, in order to receive disability and medical benefits, the clear and unambiguous language of the Policy requires appellant to have suffered an injury *caused by* an occupational accident. Accordingly, the "specific issue" in dispute in this case is whether the January 3, 2008 occupational accident caused the injuries that appellant argues entitle him to benefits under the Policy.

**{¶25}** After a careful review of the record, we find that the issue of causation has already been determined by a court of competent jurisdiction. In his 2011 personal injury lawsuit in the Superior Court of King County, Washington, appellant alleged that he suffered injuries and damages proximately caused by the negligence of Timothy Coy. However, the jury returned a verdict finding that appellant's alleged injuries were not proximately caused by the accident. Based on the jury's resolution of causation in his personal injury suit, appellant cannot now relitigate the issue of whether his injuries were caused by the accident, a finding that is necessary for entitlement to benefits under the Policy.

{¶26} While National Union and CBR were not parties to the Washington litigation, the issue of causation was "actually and directly litigated" in a court of competent jurisdiction, and appellant had the opportunity to fully litigate the issue while represented by competent counsel. Because the requirements for defensive collateral estoppel have been satisfied, the trial court correctly determined that National Union and CBR were entitled to judgment as a matter of law on appellant's claims that they acted in bad faith and breached the contract by denying coverage under the Policy.

{¶27} For these same reasons, defendants were entitled to judgment as a matter of law on appellant's civil conspiracy claim. Generally, "[a] claim for conspiracy cannot be made [the] subject of a civil action unless something is done which, in the absence of the conspiracy allegations, would give rise to an independent cause of action." *Ford Motor Credit Co. v. Jones*, 8th Dist. Cuyahoga No. 92428, 2009-Ohio-3298, ¶ 24. Because we have already held that appellant's bad faith and breach of contract claims are barred by the doctrine of collateral estoppel, we find that the trial court properly determined that there was no longer an independent cause of action to which the conspiracy claim could be coupled. Therefore, appellant's civil conspiracy claim fails as a matter of law.

### III. Conclusion

{¶28} Based on the foregoing, the trial court did not err in granting summary judgment in favor of National Union and CBR. Appellant's first and third assignments of error are overruled. We further find that, because our resolution of appellant's first

and third assignments of error are dispositive, appellant's remaining assignments of error and CBR's cross-assignments of error are moot.

**{¶29}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


TIM McCORMACK, JUDGE

MARY J. BOYLE, A.J., CONCURS;
KENNETH A. ROCCO, J., DISSENTS WITH SEPARATE OPINION


KENNETH A. ROCCO, J., DISSENTING:

**{¶30}** I disagree with the majority's determination that Agic is collaterally estopped from bringing the instant lawsuit. According to the majority, the jury's special verdict form establishes that the issue in the instant case was actually and directly litigated in the Washington state case. The issue in the instant case is whether Agic sustained an injury in the accident. The special verdict form in the Washington case read, "was [Defendant's] fault the proximate cause of the injury to * * * Agic?" The jury answered

"no." In my view, this does not conclusively establish that Agic did not sustain an injury in that accident.

{¶31} While it is true that the Policy covers only those injuries "caused by an occupational accident," the special verdict form in the Washington case merely established that one of the defendants in that lawsuit was not the proximate cause of Agic's injury. Washington courts "recognize[] two elements of causation: cause in fact (sometimes called "actual" or "but for" cause); and legal cause (sometimes called "proximate" cause)." (Citations omitted.) *State v. Bauer*, 180 Wn.2d 929, 329 P.3d 67 (2014), ¶ 13, fn. 5. Unlike other jurisdictions, Washington refers to both elements together as "proximate cause." *Id.* While "cause in fact" refers to "the physical connection between an act and an injury," whether a defendant is the "legal cause" of an injury "depends on mixed considerations of logic, common sense, justice, policy, and precedent." (Internal citations omitted.) *Id.* at ¶ 14.

{¶32} Given the multitude of considerations that go into determining proximate cause, we cannot know why the jury determined that one of the defendants was not the proximate cause of Agic's injuries. But it is certainly possible that the jury could find that Agic was injured in the accident and also find that this one defendant was not the proximate cause of Agic's injury. Further muddying the waters is the fact that the accident involved multiple vehicles, but the special verdict form pertains only to one driver.

{¶33} Because the jury was not called upon to determine whether Agic was injured in the accident, that issue was not actually and directly litigated in the previous case. Because injury is the pivotal issue in the instant case, I would hold that collateral estoppel does not bar Agic from bringing his claims. I would, therefore, sustain the third assignment of error and would go on to reach the remaining assignments of error. For the aforementioned reasons, I respectfully dissent.