KIENZLE, Trustee, Appellee,

v.

MYERS et al., Appellants.

[Cite as *Kienzle v. Myers,* 167 Ohio App.3d 78, 2006-Ohio-2765.]

Court of Appeals of Ohio,
Sixth District, Wood County.

Nos. WD–05–068 and WD–05–078.

Decided June 2, 2006.

John P. Donahue, for appellee.

George J. Conklin, for appellants.

SINGER, Presiding Judge.

{¶ 1} This is an appeal from a summary judgment issued by the Wood County Court of Common Pleas in a property dispute. Because we conclude that a property owner's reasonable reliance on an adjacent owner's permission for use ripened into an easement by estoppel, we reverse in part and affirm in part.

{¶ 2} Jo An Van Duyne, formerly known as Smart, and Ruth Bauer were friends and neighbors on adjoining property on West River Road in Perrysburg. In 1981, following construction of a public sewer line along West River Road, both Van Duyne and Bauer were required by law to connect to the public system.

{¶ 3} For Bauer, a direct connection to the River Road sewer line meant that her driveway would have to be excavated, at substantial cost and inconvenience. The two women talked and reached an accommodation. They agreed that Bauer would install her sewer through a 96–foot–long trench from her home to Van Duyne's property, where it would share a 207–foot trench with Van Duyne's connector line to the street. Because of the hilly topography of the area, the pipes were buried at a depth of five and one-half feet. Each party bore her own tap and assessment fees. It is not clear from the record as to whether there was any sharing of excavation or installation costs for the sewer line.

{¶ 4} In 1982, Jo An Van Duyne's daughter and son-in-law, Susan S. and David W. Kienzle, moved into her River Road property. In 1987, appellee, Susan S. Kienzle Trust, acquired the property. In 1989, appellants, Michael P. and Joan Myers, acquired the Bauer property.

{¶ 5} On November 5, 2003, counsel for the Kienzles sent a letter to appellants advising them that the Kienzles had "decided to terminate the revocable license" by which appellants' sewer pipe crossed the Kienzle property. The letter directed appellants to "make other arrangements" within 30 days. Subsequent letters from David Kienzle threatened to "cap" the sewer line absent certain concessions.

{¶ 6} On March 26, 2004, appellee sued appellants, seeking to quiet title with respect to appellants' "encroachment" across appellee's property and to enjoin further trespass, as well as damages. Appellants answered, denying an encroachment on appellee's property, maintaining that they possessed an easement, an easement by estoppel, or a prescriptive easement for the sewer line. Appellants also filed a counterclaim, seeking a declaration of easement, an injunction barring appellee from interfering with the sewer line, and damages from the Kienzles for cutting vegetation on appellants' property.

{¶ 7} Following discovery, appellee was granted partial summary judgment. The trial court rejected appellants' assertion that their use of appellee's property was by easement. The matter then proceeded to a trial on the issue of appellants' counterclaim and for damages.

{¶ 8} Following trial, the court awarded appellee $14,000 for the "cost of capping the sewer line" and rejected appellants' counterclaim. Appellants now bring this appeal. Appellants set forth the following six assignments of error:

{¶ 9} "Assignment of Error Number One. The trial court erred in granting summary judgment in favor of the plaintiff.

{¶ 10} "Assignment of Error Number Two. The trial court erred as a matter of law to dismiss the plaintiff's case after the plaintiff failed to produce evidence using the correct measure and proof of damages.

{¶ 11} "Assignment of Error Number Three. The trial court failed to use the correct measure and proof of damages in its award of damages to the plaintiff.

{¶ 12} "Assignment of Error Number Four. The trial court abused its discretion by barring the testimony of the defendants' expert witness.

{¶ 13} "Assignment of Error Number Five. The trial court erred in failing to strike the testimony of plaintiff's expert witness.

{¶ 14} "Assignment of Error Number Six. The trial court abused its discretion in dismissing the counterclaim of the defendants."

## I. Summary Judgment

{¶ 15} Civ.R. 56(C) provides that summary judgment may be granted only if (1) no genuine issue of material fact remains to be litigated, (2) it appears from

the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party, and (3) the moving party is entitled to summary judgment as a matter of law. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267. In deciding whether a genuine issue of material fact precludes the grant of summary judgment, a court must adhere to Civ.R. 56(C) and view the evidence in a light most favorable to the nonmoving party. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 341, 617 N.E.2d 1123.

{¶ 16} On review, an appeals court considers the question of whether to grant summary judgment de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. In this matter, the trial court ruled that as a matter of law appellants had failed to establish an easement across appellee's property.

{¶ 17} Easements may be created by express grant, by implication, by prescription, or by estoppel. *Schmiehausen v. Zimmerman*, 6th Dist. No. OT–03–027, 2004-Ohio-3148, 2004 WL 1367278, at ¶ 20. An express easement must be part of a deed or lease or other conveyance and must be recorded in conformity with R.C. 5301.01. Id., citing *Kamenar RR. Salvage, Inc. v. Ohio Edison Co.* (1992), 79 Ohio App.3d 685, 689, 607 N.E.2d 1108. An easement by implication needs a unity, then severance, of ownership of an estate. Id. A prescriptive easement may arise if use is open, notorious, continuous, and adverse under a claim of right for 21 years. *Schmiehausen*, 2004 WL 1367278 at ¶ 27, citing *Shanks v. Floom* (1955), 162 Ohio St. 479, 55 O.O. 385, 124 N.E.2d 416, syllabus. A permissive use can never ripen into a prescriptive easement. Id. at ¶ 29.

{¶ 18} Here, there is no conveyance or statutory compliance. There is also no unity, then severance, of estates. Consequently, there can be no express or implied easement. Moreover, the unrefuted affidavit of appellee's predecessor in interest, Jo An Van Duyne, states that she gave appellants' predecessor, Ruth Bauer, permission to share the sewer trench at issue. Thus, there can be no prescriptive easement.

{¶ 19} Concerning an easement by estoppel, we have stated:

{¶ 20} "An easement by estoppel may be found when an owner of property misleads or causes another in any way to change the other's position to his or her prejudice. *Monroe Bowling Lanes v. Woodsfield Livestock Sales* (1969), 17 Ohio App.2d 146 [46 O.O.2d 208], 244 N.E.2d 762. 'Where an owner of land, without objection, permits another to expend money in reliance upon a supposed easement, when in justice and equity the former ought to have disclaimed his conflicting rights, he is estopped to deny the easement.' Id. at 151 [46 O.O.2d 208], 244 N.E.2d 762.

{¶ 21} "A more modern, and slightly broader, statement of the doctrine is contained in Section 2.10(1) of the Restatement of Property:

{¶ 22} " 'If injustice can be avoided only by establishment of a servitude, the owner or occupier of land is estopped to deny the existence of a servitude burdening the land when:

{¶ 23} " '(1) the owner or occupier permitted another to use that land under circumstances in which it was reasonable to foresee that the user would substantially change position believing that the permission would not be revoked, and the user did substantially change position in reasonable reliance on that belief * * *.' Restatement of the Law, Property 3d (2000), 143.

{¶ 24} "According to the commentary accompanying Section 2.10(1), the rule, ' * * * covers the situation where a land owner or occupier gives permission to another to use the land, but does not characterize the permission as an easement or profit, and does not expressly state the duration of the permission.

{¶ 25} " 'A servitude is established if the permission is given under such circumstances that the person who gives it should reasonably foresee that the recipient will substantially change position on the basis of that permission, believing that the permission is not revocable.' Id. at 145 [46 O.O.2d 208], 244 N.E.2d 762." *Schmiehausen*, 2004 WL 1367278 at ¶ 21–26.

{¶ 26} In *Schmiehausen*, a couple purchased a 28–acre parcel with the intention to subdivide. After the purchase, the couple discovered that the land was diagonally bisected by a 900–foot long, 12–inch diameter drainage pipe belonging to a neighboring farmer. Discovery of the pipe resulted in the need to redesign the site plan at some expense. The couple sued the seller, asserting a violation of general warranty covenants.

{¶ 27} There was evidence in the trial court that the neighboring farmer and the seller's predecessor in interest reached a gentleman's agreement for installation of the pipe. The farmer then hired a contractor to install it. The trial court found an easement and awarded damages on the breach of warranty. We affirmed, noting that installation of a 12–inch diameter pipe, 900–feet long, involved a substantial cost by the farmer in reliance on the predecessor in interest's agreement to permit its installation. We concluded that "[a]pplying either Restatement Section 2.10(1) or Ohio case law, an easement by estoppel was created by the transaction between [the farmer] and [the sellers'] predecessor in interest." *Schmiehausen*, 2004 WL 1367278 at ¶ 54.

{¶ 28} In this matter, the trial court distinguished *Schmiehausen* as follows:

{¶ 29} "The Court agrees with Plaintiff. The facts in *Schmiehausen* are distinguishable. The easement claimant in *Schmiehausen* expended a substantial cost. In this case, Bauer's expenditure was meager and would have been much

larger if she had to destroy and reconstruct her driveway to bury the sewer pipe on her own property.

{¶ 30} "The Court also finds that Defendants cannot establish all the elements necessary to prove estoppel either under common law or the broader Restatement standard. Under common law, an easement claimant must establish reasonable reliance upon a representation, resulting in actual prejudice. In this case, it is undisputed that the construction of the sewer pipe was with Van Duyne's permission. There is no evidence of misrepresentation. There is also no evidence of prejudice. Bauer actually received a benefit by not having to destroy her driveway. Defendants produced evidence showing that Bauer secured permits and spent money for the construction of the sewer pipe. The Court does not find actual prejudice from such facts. Bauer would have made those expenditures, regardless of the location of the sewer line.

{¶ 31} "The Court also finds that Defendants cannot establish easement by estoppel under the Restatement standard. The rule under the Restatement is prefaced by the phrase '[i]f injustice can be avoided only by establishment of a servitude.' It is apparent to the Court that the broader Restatement approach was crafted to cover fact situations where otherwise justice cannot be accomplished. The Court believes that this phrase was particularly applied in *Schmiehausen*. The easement claimant in *Schmiehausen* was the original party that expended the substantial cost of buying a 900 foot long drainage on the neighbor's property. Moreover, *Schmiehausen* was not only a quiet title action. There were issues of breach of warranty covenant and concealment of a material fact in a transaction. The facts in this case are inapposite. The parties are not the original actors in the transaction that created the alleged easement. There is no allegation of concealment or personal substantial expenditure related to the creation of the easement. Therefore, the facts in the present case are not sufficient to fulfill the particular requirement that injustice can be avoided only by establishment of easement by estoppel."

{¶ 32} We disagree with the trial court's analysis. There is no requirement for an easement by estoppel in the common law that a property owner must mislead or misrepresent. The rule simply states that if an owner misleads *or causes another in any way* to change his or her position to that party's prejudice, the owner is estopped from denying the existence of an easement. *Schmiehausen*, 2004 WL 1367278 at ¶ 21, citing *Monroe Bowling Lanes*, 17 Ohio App.2d at 149, 46 O.O.2d 208, 244 N.E.2d 762. While permissive use may prevent an easement by prescription from arising, in another context an owner's grant of permission for land use may act as an inducement for another to act, especially when the permission granted is for an act not easily undone.

{¶ 33} In *Schmiehausen,* for example, it was permission from the original property owner that induced the neighboring farmer to install 900 feet of large-diameter drainage tile. Moreover, from the scope of the act for which permission was granted it may be reasonably inferred that neither party expected the project to be transient or temporary. Thus, when the farmer expended money to complete the project, the owner was estopped from denying existence of an easement.

{¶ 34} In the present matter, Jo An Van Duyne gave Ruth Bauer permission to install her sewer line in the same trench as Van Duyne's. There was testimony in the damage phase that plastic sewer lines have a 50–year expected lifespan. It can be reasonably inferred that neither party anticipated that burying a sewer pipe in a five and one-half foot deep trench would be a transient or temporary event. Thus, Van Duyne's permission reasonably induced appellants' predecessor in interest to change her position.

{¶ 35} The trial court also refused to find prejudice in that Bauer would have had to pay for the construction of the sewer pipe even had she located it on her own property. Again, we disagree with this analysis. "Prejudice," in this context, is used as a synonym for "detriment." That is, Bauer relied upon Van Duyne's permission to her prejudice or detriment. This may be shown not only by the expenditures of funds but by the forbearance of some right to which one might otherwise be entitled. *G.M. Sader Excavating & Paving, Inc. v. R.G. Zachrich Constr., Inc.* (Dec. 12, 1980), 6th Dist. No. WD–80–37, 1980 WL 351645.

{¶ 36} While it is true that, in any event, Bauer would have had to spend money to connect to the public sewer, it is also true that but for Van Duyne's acquiescence to Bauer's use of her property, Bauer would have linked to the sewer wholly on her own property. Thus, Bauer's decision to cross Van Duyne's land constituted a change in position which placed her access to the public sewer out of her control. As the present lawsuit suggests, this decision disadvantaged Bauer.

{¶ 37} With respect to the Restatement formulation, which is nothing more than a reformulated recitation of the executed parol license doctrine, Restatement, supra, at 145, which has long been accepted in Ohio, see *Wilson v. Chalfant* (1846), 15 Ohio 248, 1846 WL 98, syllabus, we find the trial court's attempt to distinguish unpersuasive. It would seem that the equities would favor not disturbing a 25–year–old arrangement which seems to have only recently concerned anyone.

{¶ 38} Neither do the trial court's attempts to distinguish *Schmiehausen* resonate. The core of that case was the question of whether an easement by

estoppel was created. There, in circumstances nearly identical to those before us, we concluded that it had. *Schmiehausen,* 2004 WL 1367278 at ¶ 54.

{¶ 39} Accordingly, appellants' first assignment of error is well taken.

## II. Damages

{¶ 40} Because we have found as a matter of law that an easement by estoppel was created in this matter, appellants' assignments of error two through five, which related to the damages hearing, are moot.

## III. Counterclaim

{¶ 41} In a counterclaim, appellants alleged that Susan Kienzle, her agent, or those acting on her behalf entered appellants' property and intentionally destroyed vegetation growing there. The counterclaim was tried concurrently with appellee's damages on the trespass hearing. At the conclusion, the court concluded that appellants had failed to submit sufficient evidence to establish intentional destruction of property and had wholly failed to show that appellee authorized cutting appellants' bushes. Appellants' motion for reconsideration was denied.

{¶ 42} In their sixth assignment of error, appellants argue that dismissal of their claim was an abuse of discretion.

{¶ 43} The trial court's decision on the counterclaim was a finding on the merits, subject to a manifest-weight rather than an abuse-of-discretion standard. The decision of the trial court will not be disturbed as against the manifest weight of the evidence as long as it is supported by some competent, credible evidence. *C.E. Morris v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. A party who has the burden of proof "has little leave to complain if the finder of fact chooses not to believe some or all of his proofs." *In re Scott* (1996), 111 Ohio App.3d 273, 276, 675 N.E.2d 1350.

{¶ 44} At trial, appellant Michael Myers testified that he saw appellee's husband cutting bushes on his property with a handsaw. Appellant Joan Myers confirmed her husband's report in her own testimony and added that David Kienzle told her that his wife wanted the bushes cut down. Appellee later denied cutting any vegetation other than on her own property and denied directing her husband to do so.

{¶ 45} On this testimony, we cannot say that the court's finding that appellants failed to prove their claim was erroneous. Accordingly, appellants' sixth assignment of error is not well taken.

{¶ 46} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded

to that court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.

Judgment affirmed in part
and reversed in part,
and cause remanded.

PEITRYKOWSKI and PARISH, JJ., concur.