[Cite as *Kuyoth v. Kelleys Island*, 2016-Ohio-1395.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| John and Jean Kuyoth, et al. | Court of Appeals No. E-15-027 |
| Appellants | Trial Court No. 2011-CV-0456 |
| v. | |
| Village of Kelleys Island, Ohio, et al. | **DECISION AND JUDGMENT** |
| Appellees | Decided: March 31, 2016 |

* * * * *

Stephen H. Dodd, for appellants.

David A. Lambros, for appellee Village of Kelleys Island.

D. Jeffery Rengel and Thomas R. Lucas, for appellees
Kyle Yoest, Jeri Yoest and Fred Stueber.

* * * * *

**JENSEN, P.J.**

## I. Introduction

{¶ 1} In this accelerated appeal, landowners along a private road appeal a

judgment by the Erie County Court of Common Pleas. The trial court found that

declaring that the road was public would not conduce to the general interests of the

municipality and therefore denied appellants' petition under R.C. 723.09. We find that the appellees are entitled to judgment as a matter of law, and therefore, we affirm the lower court's judgment. We do so, however, for a different reason.

## II. Statement of Facts

{¶ 2} This case began with the filing of a complaint on June 27, 2011, against the Village of Kelleys Island ("the Village"). The plaintiff-appellants are John and Jean Kuyoth, Douglass and Sally Kitchen, Glen and Michele Holzhauser, Gary and Lanette Muzie, and World Business Services. All of the plaintiff-appellants own property along a private road, known as Dwelle Lane. Appellants have ingress and egress rights to Dwelle Lane, and those rights are not at issue in this case.

{¶ 3} After the filing of the complaint, Kyle and Jeri Yost and Frederick Stueber successfully intervened in the action. The public records filed in this case suggest that the intervenors are the owners, in fee simple, of Dwelle Lane. The trial court specifically found, however, that the identity of the owner(s) was not relevant, other than to note that Dwelle Lane is privately owned.

{¶ 4} Count 1 of the complaint is a declaratory action, under R.C. 2721.01, in which the plaintiffs-appellants requested that the court find that Dwelle Lane is a public road and that the Village had an obligation to maintain it. Count 2 was pled in the alternative, in which appellants petitioned the court to "convert" Dwelle Lane to a public street, pursuant to the trial court's authority under R.C. 723.09.

2.

**{¶ 5}** The intervenors and the Village each filed for summary judgment, and the trial court dismissed the case with prejudice ("*Kuyoth I*"). It found,

> Plaintiffs cannot meet their burden of proof on the common law dedication requirement of dedication or acceptance by the Village of Kelleys Island. In sum, no evidence has been presented nor can be presented pursuant to R.C. 2721.01 or R.C. 723.09. Thus, while Dwelle Lane is a road, it is not a public road.

**{¶ 6}** Appellants appealed the judgment. On May 9, 2014, we affirmed the dismissal of Count 1, the declaratory action. We reversed and remanded, however, as to Count 2, based upon appellants' failure to complete service by publication, as required for a claim brought under R.C. 723.09.

**{¶ 7}** Following remand and corrected service, the Village and the intervenors again filed for summary judgment, which appellants opposed.

**{¶ 8}** In ruling against appellants, the court found that converting Dwelle Lane into a public road would add to the Village's maintenance costs and therefore weighed against the general interests of the Village. The court also rejected appellants' arguments that conversion of the road would help increase the local tax base as too speculative and further found that fire-safety issues were unfounded.

3.

**{¶ 9}** Appellants filed a timely notice of appeal.  They allege one assignment of error:

> The Common Pleas Court erred to the prejudice of Plaintiffs-Appellant in granting summary judgment in favor of Defendants-Appellees. (April 13, 2015, Opinion and Judgment Entry, p.7).

### III.  Standard of Review

**{¶ 10}** Appellate review of a trial court's decision to grant summary judgment is de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We apply the same standard as the trial courts, without deference to the trial court's findings.  *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989).

**{¶ 11}** A motion for summary judgment may be granted only when it is demonstrated:

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.  Harless v. Willis Day Warehousing Co., 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978), Civ.R. 56(C).

4.

{¶ 12} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus; *Dresher v. Burt,* 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery,* 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984). A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.,* 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999).

### IV. Law and Analysis

{¶ 13} In this case, all sides agree that appellants have ingress and egress rights between Dwelle Lane and their respective properties. On the other hand, it is unclear from the record as to who owns Dwelle Lane, except that it is not any of the appellants. Like the trial court, we do no resolve that issue, except to point out that we previously upheld the trial court's legal conclusion in *Kuyoth I* that Dwelle Lane is a private road, a conclusion that we leave undisturbed.

{¶ 14} At issue herein is the application of R.C. 723.09, which provides,

**Vacation or establishment of street or alley by court.** The court of common pleas may, upon petition filed in such court by any person

owning a lot in a municipal corporation, for the establishment or vacation of a street or alley in the immediate vicinity of such lot, upon hearing, and upon being satisfied that it will conduce to the general interests of such municipal corporation, declare such street or alley established or vacated, but this method shall be in addition to those prescribed in sections 723.04 to 723.08, inclusive, and section 723.02 of the Revised Code.[1]

{¶ 15} Appellants frame the issue as "whether or not it would be in the best interests of Kelleys Island to declare Dwelle Lane a public road." In support of their argument, appellants point to four affidavits demonstrating "why Affiants believe that Dwelle Lane should be established as a public road."

{¶ 16} The trial court disagreed. Before addressing the trial court's conclusion on that issue, however, we first address the scope of R.C. 723.09.

{¶ 17} Appellants insist that the statute authorizes the trial court to "convert" a private roadway into a public roadway, notwithstanding that appellants themselves do not own the road. In other words, they wish to take a private road, belonging to a third party, and foist it upon a municipality that does not want it. Appellants cite no authority that R.C. 723.09 carries with it such vast powers, and we are aware of no such authority either.

---

[1] R.C. 723.02 and 723.04 through 723.08 govern the *legislative* authority of municipal corporations to open, narrow, vacate and effect other changes to streets and alleys.

6.

**{¶ 18}** By its plain language, the statute authorizes a common pleas court "to declare" a roadway as either established or vacated. We interpret that to mean that a court may recognize that an event has, in effect, already occurred, i.e. that a public street has been abandoned by a municipality and effectively become private property. If it chooses, the court "may" declare it so vacated, assuming there is evidence that it would be in the best interests of the municipality to surrender the road.

**{¶ 19}** Of the few cases interpreting R.C. 723.09, most involve property owners seeking to have a public roadway *declared vacated* by a municipality based on its failure to maintain it. For example, we affirmed the granting of a petition to vacate portions of an alley to adjacent landowners where the municipality did not defend its interest in the alley, and the petitioners had treated the property as their own. *Duggan v. Village of Put-In-Bay*, 6th Dist. Ottawa No. OT-00-044, 2001 WL 477168, *2 (May 4, 2001). *See also Bayer v. City of North College Hill,* 31 Ohio App.3d 208, 510 N.E.2d 400 (1st Dist.1986) (A court may not grant a petition for vacation of a street under R.C. 723.09 upon a motion for summary judgment without holding a hearing and without considering whether the vacation will conduce to the general interests of such municipal corporation.).

**{¶ 20}** We can also conceive of a situation that the reverse could occur, i.e., that a landowner could abandon a private street and relinquish it *to* a municipality, assuming constitutional safeguards for the taking of private property are met. As noted by the trial court, however, there are no actual cases interpreting that precise situation.

7.

{¶ 21} Moreover, the examples cited above involve the municipality vis-a-vis the actual landowner, not third parties with no ownership interest in the road. Indeed, although not the basis for its decision, the trial court agreed "with the proposition that use of R.C. 723.09 to *establish* public roads is available only to the owners of the underlying real property upon which the private road is situated and not general members of the public or those who merely hold an easement thereto."

{¶ 22} We agree, and we find no support for appellants' argument that R.C. 723.09 may be used as a vehicle to convert private roads to public roads, as here, when neither the municipality nor the owner support such a change. Appellants' assignment of error is not well-taken.

{¶ 23} We find that there is no genuine issue as to any material fact in this case, that appellees are entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, which is adverse to appellants.

{¶ 24} Having found appellants' assignment of error not well-taken, we hereby affirm the judgment of Erie County Court of Common Pleas. Costs are assessed to appellants in accordance with App.R. 24.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.      _____
            JUDGE

Stephen A. Yarbrough, J.

            _____
James D. Jensen, P.J.       JUDGE
CONCUR.

            _____
            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.