[Cite as *World Business Servs., Inc. v. Yoest*, 2018-Ohio-1541.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

World Business Services, Inc.

Court of Appeals No. E-17-034

Appellant

Trial Court No. 15 CV 0623

v.

Kyle Yoest, et al.

**DECISION AND JUDGMENT**

Appellees

Decided: April 20, 2018

* * * * *

Stephen H. Dodd, for appellant.

D. Jeffery Rengel and Thomas R. Lucas, for appellees.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, World Business Services, Inc., appeals the June 7, 2017 judgment of the Erie County Court of Common Pleas granting summary judgment in favor of appellees, Jeri and Kyle Yoest, Fred Stueber, Cynthia Herndon, Ltd., and Breakers of Kelleys Island, LLC. For the reasons that follow, we reverse and remand.

**Assignment of Error**

{¶ 2} Appellant sets forth the following assignment of error:

1. The Common Pleas Court erred to the prejudice of Plaintiffs-Appellant in granting summary judgment in favor of Defendants-Appellees. (June 7, 2017 Opinion and Judgment Entry, p. 11-12).

**Background**

{¶ 3} On October 5, 2015, appellant filed a complaint seeking a declaratory judgment to clarify its easement rights. Appellant averred that, despite having an easement appurtenant to do so, appellees placed a barricade to stop appellant from walking or driving along a private road to reach Lake Erie's shoreline.

{¶ 4} Appellees answered the complaint on December 14, 2015, claiming to own the private road, and alleging that any easement rights appellant had did not extend to allow access to Lake Erie.

{¶ 5} The private road at issue is known as "Dwelle Lane." Dating back to the Nineteenth Century, this private road was owned by the Dwelle family. Part of what was then the Dwelle family farm abuts Lake Erie in the village of Kelleys Island.

{¶ 6} On September 22, 2016, appellees moved for summary judgment, claiming that res judicata applied to bar appellant's claims.

{¶ 7} Appellees further argued, in the alternative, that the easement granted was merely for ingress and egress to appellant's property, and that appellees had the right, as owners, to vacate a portion of Dwelle Lane by way of an amended plat. Appellees

2.

amended the plat in 2008. Appellees asserted appellant did not act within the one-year statute of limitation to challenge this amended plat.

{¶ 8} In further support of its motion for summary judgment, appellees supplied an April 2013 affidavit[1] from a licensed professional surveyor, Peter Segaard.

{¶ 9} Segaard's April 2013 affidavit was submitted to support appellees' position that Dwelle Lane was and is a private road, that Dwelle Lane was owned by appellees, and that appellant's ingress and egress rights only extended to allow access to its property, but not to Lake Erie.

{¶ 10} Appellees also submitted deeds from their chains of record title.

{¶ 11} Two deeds concerned the parcel of land south of Dwelle Lane, at its eastern point, which is and was owned by Breakers of Kelleys Island, LLC ("Breakers") and its predecessors ("the Stuebers") dating back to 1964. There is no dispute this land is within what was the original Dwelle farm.

{¶ 12} Based on its language, Paul and Anne Stueber received the 1964 deed from the Ohio Public Trust Company, trustee of the Elmina Dwelle Lucke estate. The 1964 deed purportedly conveyed a 3.181 acre parcel. The Stuebers' children received interest in the land from their mother's residence trust in a 2002 deed. Two of the children, Cynthia (Herndon) and Fred, subsequently acquired ownership and transferred it to their

---

[1] This affidavit was originally from the matter of *Kuyoth v. Village of Kelleys Island*, Erie C.P. No. 2011-CV-0456, 2015 Ohio Misc. LEXIS 22130 (Apr. 13, 2015).

3.

company, Breakers.  The deed references a 1926 case from the Erie Court of Common Pleas in which easement rights were established by stipulation.

{¶ 13} This 1926 case was brought by Charles Dwelle against Ray Gorsuch, Ralph Lucke, Elmina Lucke, the children and heirs of Jacob Lucke, and Milford Hicks.  *See Charles B. Dwelle v. Ray H. Gorsuch*, Erie C.P. No. 15989 (Aug. 5, 1926).  Charles Dwelle sought to establish easement rights or a right-of-way by arguing he and his predecessors maintained such rights.  The parties settled and their stipulations were adopted by the court.

{¶ 14} Additional deeds were submitted by appellees in support of summary judgment, which concerned appellees', Jeri and Kyle Yoest, parcel of land.

{¶ 15} This parcel of land is north of Dwelle Lane, at the eastern point, and is indisputably part of what was the Dwelle farm.  The land was once owned by Ralph (and Esther) Lucke, who then conveyed it to Walter and Jennie Gasieski in 1942.  The Gasieskis formed a subdivision and private park, and appellant's right to access the park has been a subject of litigation.

{¶ 16} Appellant filed its opposition to summary judgment, arguing there were genuine disputes of material fact as to whether Dwelle Lane historically extended to the shoreline, whether the Dwelle family accessed the shoreline from Dwelle Lane, and whether appellees are rightful owners of Dwelle Lane.

{¶ 17} Appellant owns the land to the west of Breakers, and appellant's land borders south of Dwelle Lane.  This parcel of land is indisputably within what was the

4.

original Dwelle farm, and it abuts Dwelle Lane. Appellant can travel west to reach Monaghan Road, and east to reach appellees' erected barrier before reaching the shoreline.

{¶ 18} Appellant deposed appellee Fred Stueber in October 2016, and offered his testimony, along with other evidence, to withstand judgment as a matter of law.

{¶ 19} In particular, appellant argued Stueber's testimony demonstrated that factual disputes exist because it shows that the eastern point of Dwelle Lane was used by the Dwelle family for boating, that Dwelle Lane was historically considered to extend east to the shoreline of Lake Erie, and that Dwelle Lane was not owned by appellees.

{¶ 20} Further, appellant offered expert testimony and at least three historical maps to support the argument that Dwelle Lane extended east to the shoreline of Lake Erie.

{¶ 21} Specifically, an October 2016 affidavit from Segaard, the same surveyor who was affiant for appellees in April 2013, averred that based on his expert analysis "Dwelle Lane was a private road which ran to the shoreline of Lake Erie."

{¶ 22} Appellant also submitted an October 2016 affidavit from Michael F. Waiwood, a title insurance agent and attorney who has worked in the industry since 1977, which stated that based on his opinion Dwelle Lane spanned to Lake Erie.

{¶ 23} Appellant also offered expert testimony to support that Dwelle Lane was not owned by appellees. Waiwood's affidavit reflected his opinion that "[t]he fee simple title underlying Dwelle [Lane] itself is not conveyed." Waiwood continued, stating:

5.

The deed also purports to grant to the grantees, their heirs and assigns, all of the right, title and interest it holds (whatever that is, if any) in Dwelle Lane itself but the deed does not state affirmatively that it does hold any such right, title or interest. The deed contains no Covenant of Seisen nor any warranties of title nor any obligation to defend the title. It only represents that said title is clear, free and unencumbered <u>by any act of the grantor</u>. Effectively it is a quit-claim deed without warranties or covenants and only conveys what it may have owned (unencumbered by it) but does not include the title to any part of Dwelle Lane. In [f]act, Ohio Citizens never owned the fee title to Dwelle Lane.

**{¶ 24}** Segaard's October 2016 affidavit reflected that he shared that opinion, stating as follows: "[t]he 2006 deeds conveying Lots 1, 2 and 3 of Block 2 of the Gasieski Subdivision (south side of Dwelle Lane), to Frederick Stueber, for which I prepared the legal descriptions, do not include any part of the road known as Dwelle Lane." Segaard continued with, "[t]he property line stops at the south edge of Dwelle Lane."

**{¶ 25}** The trial court nevertheless granted summary judgment in favor of appellees, and an entry was journalized June 7, 2017. Appellant now timely appeals.

6.

## Standard of Review

{¶ 26} When reviewing a trial court's summary judgment decision, the appellate court conducts a de novo review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶ 27} Summary judgment will be granted where there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-movant, reasonable minds can only conclude that the movant is entitled to judgment as a matter of law. Civ.R. 56(C). *Accord Lopez v. Home Depot, USA, Inc.*, 6th Dist. Lucas No. L-02-1248, 2003-Ohio-2132, ¶ 7. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984).

## Legal Analysis

{¶ 28} In the sole assigned error, appellant challenges appellees' right to vacate or modify an alleged easement appurtenant.

{¶ 29} More specifically, appellant argues appellees have failed to meet their burden under Civ.R. 56(C), because issues of material fact exist as to whether Dwelle Lane historically extended to the shoreline, whether the Dwelle family accessed the shoreline from Dwelle Lane, and whether appellees are rightful owners of Dwelle Lane.

7.

Appellant asserts these issues must be resolved before judgment, as a matter of law, in favor of appellees is proper.

{¶ 30} Appellees make five arguments in response to support that no factual issues exist, and that the grant of judgment as a matter of law is appropriate.

{¶ 31} First, appellees argue the 2008 amended plat submitted into the record shows that Dwelle Lane was shortened to eliminate appellant's access to Lake Erie, and that appellant did not challenge the plat within the statute of limitations. Appellant responds, pointing to Segaard's October 2016 and Waiwood's affidavits, which aver that Dwelle Lane was not conveyed to appellees and, therefore, appellees have no right to vacate Dwelle Lane by way of an amended plat.

{¶ 32} Second, appellees argue appellant never had a right to access the lakeshore from Dwelle Lane and, third, that appellant still has the right to the intended use of Dwelle Lane which was allegedly to allow appellant to leave and return to its property from Monaghan Road. Appellees rely on the language of the deeds and Segaard's April 2013 affidavit.

{¶ 33} Appellant responds, pointing to Stueber's testimony, Segaard's October 2016 and Waiwood's affidavits, and the imprecise language in appellees' chain of record title, essentially arguing that the evidence in the record places in dispute whether appellant has implied rights that extend to allow access to the shoreline.

{¶ 34} Fourth and fifth, appellees argue res judicata prevents appellant from relitigating to establish rights and from challenging certain facts. Appellant contends the

8.

past litigation involved declaratory judgment and did not involve the same legal and factual issues.

## A. Easement Rights

{¶ 35} "An easement is a right without profit, created by grant or prescription, which the owner of one estate may exercise in or over the estate of another for the benefit of the former." *Yeager v. Tuning*, 79 Ohio St. 121, 124, 86 N.E. 657 (1908). "Easements may be created by express grant, by implication, by prescription, or by estoppel." *Kienzle v. Myers*, 167 Ohio App.3d 78, 2006-Ohio-2765, 853 N.E.2d 1203, ¶ 17 (6th Dist.).

{¶ 36} Here, we first review the deeds in the record from appellees' chains of record title. With respect to the Yoests' chain of record title, the Gasieskis' 1969 deed states:

> Meaning to convey all that part of the Charles B. Dwelle farm located north of Dwelle Lane so called with all rights to use of said Dwelle Lane that originally were enjoyed by owners of said Dwelle Farm; said Charles B. Dwelle Farm being the farm conveyed by Charles B. Dwelle, a Bachelor to J.J. Lucke and Milford W. Hicks* * *[.]

{¶ 37} With respect to Breakers' chain of record title, the Stueber 1964 deed specifically states as follows:

> The grantor of the lands herein described further grants to the grantee, his heirs and assigned, all right, title, and interest it holds in the

area hereto for designated as any part of Dwelle Lane, reserving, however, for any property owners of lands within the original Sylvester Dwelle estate (deed volume 11, page 200) their heirs, assigns, servants and guests, the right of use thereof for ingress and egress to their respective properties.

{¶ 38} Moreover, in the 2002 deed in which "the Anne K. Stueber Residence Trust" granted equal shares of the Stueber property to Breakers' owners, it states: "[B]ut subject to all legal highways and waterways. Together with and/or subject to easements and rights of way of record appurtenant thereto or affecting said premises, particularly as established by decree entered August 5, 1926 in Case Number 15989, Erie County Common Pleas Court." We note there is no deed from appellant's chain of title in the record below.

{¶ 39} Consequently, based on the deed language in appellees' chains of title, and as agreed by the parties, we hold that as a matter of law appellant was granted an express easement to use Dwelle Lane for ingress and egress to its property. *See Kuyoth v. Village of Kelleys Island*, 2016-Ohio-1395, 62 N.E.3d 846, ¶ 2 ("Appellants have ingress and egress rights to Dwelle Lane, and those rights are not at issue in this case.").

{¶ 40} Moreover, based on the unrestricting and imprecise language used in the deeds, we find there is a reasonable dispute of material fact as to whether it was the intent of the grantor(s) to grant implied rights contemporaneously within the express right to use Dwelle Lane. *See Carman v. Entner*, 2d Dist. Montgomery No. 13978, 1994 Ohio App. LEXIS 387, *10-15 (Feb. 2, 1994).

10.

**{¶ 41}** To have implied easement rights, a party must show: (1) a severance of the unity of ownership; (2) that before the separation took place, the use which gives rise to the easement was so long continued and obvious or manifest as to show that it was to be permanent; (3) that the easement shall be reasonably necessary to the beneficial enjoyment of land granted or retained; and (4) that the servitude shall be continuous as distinguished from a temporary or occasional use only. *See Campbell v. Great Miami Aerie No. 2309, Fraternal Order of Eagles*, 15 Ohio St.3d 79, 80-81, 472 N.E.2d 711 (1984).

**{¶ 42}** "An analysis of an implied easement necessitates consideration of both the owner's intent at severance as well as what occurs between subsequent owners of the dominant and servient estates." *See Cadwallader v. Scovanner*, 178 Ohio App.3d 26, 2008-Ohio-4166, 896 N.E.2d 748, ¶ 17 (12th Dist.). *See also Dunn v. Ransom*, 4th Dist. Pike No. 13CA837, 2013-Ohio-5116, ¶ 6-17, citing Restatement of the Law 3d, Property (Servitudes), Section 4.1, at 496-497 (2000).

**{¶ 43}** "[W]hen the instrument is unclear, * * * [what] the parties' intent was and for what purpose the easement was created are largely factual issues." *Dunn* at ¶ 9.

**{¶ 44}** Here, the deeds from appellees' chains of record title, with regard to the scope and extent of the rights granted appellant, are unclear because there is no precise metes and bounds description.

**{¶ 45}** Nonetheless, in viewing the record strongly in favor of appellant, including the deeds, testimony of Stueber, experts' affidavits, maps, and arguments and case law in

11.

the briefs, we find there are genuine issues of material fact that must be addressed by a trier-of-fact before the extent and scope of the implied rights can be analyzed.

{¶ 46} In particular, we find to determine the "intent at severance" and what subsequently occurred "between subsequent owners of the dominant and servient estates," *see Cadwallader* at ¶ 17, these issues of fact must be resolved. *See also Dunn* at ¶ 6 (stating "[w]hen the intended dimensions of an easement are not explicitly expressed, determining the dimensions becomes largely a question of fact").

{¶ 47} Namely, and as argued by appellant, the unresolved issues are whether Dwelle Lane historically extended to the shoreline, whether the Dwelle family accessed the shoreline from Dwelle Lane, and whether appellees are rightful owners of Dwelle Lane. These factual issues cannot be resolved as a matter of law. Accordingly, when construing the evidence most strongly in favor of appellant, we cannot say reasonable minds can only conclude that appellees are entitled to summary judgment.

## B. Res Judicata

{¶ 48} Lastly, we address whether the doctrine of res judicata, including both claim and issue preclusion, supports summary judgment in favor of appellees.

{¶ 49} "[R]es judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *See State ex rel. Robinson v. Huron Cty. Court of Common Pleas*, 143 Ohio St.3d 127, 2015-Ohio-1553, 34 N.E.3d 903, ¶ 5, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379,

12.

653 N.E.2d 226 (1995); *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969); *Krahn v. Kinney*, 43 Ohio St.3d 103, 538 N.E.2d 1058 (1989).

{¶ 50} "With regard to claim preclusion, a final judgment or decree, rendered on the merits by a court of competent jurisdiction, is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them." *See Robinson* at ¶ 5, citing *Grava* at 381. Claim preclusion generally bars claims that either were or might have been litigated in the first lawsuit. *See Brown v. City of Dayton*, 89 Ohio St.3d 245, 248, 730 N.E.2d 958 (2000). Nevertheless, "[f]or a previous declaratory judgment, res judicata precludes only claims that were actually decided." *State ex rel. Trafalgar Corp. v. Miami Cty. Bd. of Commrs.*, 104 Ohio St.3d 350, 2004-Ohio-6406, 819 N.E.2d 1040, ¶ 22.

{¶ 51} In this case, appellees argue appellant sought access to Lake Erie in prior litigation and, thus, its attempt to do so now is barred under claim preclusion.

{¶ 52} Appellees point to the final decisions on the merit in *Kuyoth v. Village of Kelleys Island*, 2016-Ohio-1395, 62 N.E.3d 846 (6th Dist.), and *Hammond v. Klonowski*, 6th Dist. Erie No. E-00-044, 2001 Ohio App. LEXIS 2902 (June 29, 2001), to support their position. *See also Kuyoth v. Village of Kelleys Island*, 6th Dist. Erie No. E-13-039, 2014-Ohio-1990; *Kuyoth v. Village of Kelleys Island*, Erie C.P. No. 2011-CV-0456, 2015 Ohio Misc. LEXIS 22130 (Apr. 13, 2015); *World Business Services, Inc. v. Kyle and Jeri Yoest, Fred Stueber and the Village of Kelleys Island*, Erie C.P. No. 2015-CV-0035 (Sept. 14, 2015); and *World Business Services, Inc. v. Kyle and Jeri Yoest, Fred Stueber*

13.

*and the Village of Kelleys Island*, Delaware C.P. No. 2015-CVH-04-0275 (Aug. 18, 2015).

**{¶ 53}** We find the parties (or those in privity) here were certainly parties in the above cases, and that those cases sought to establish rights attached to land within what was the original Dwelle farm.  Nevertheless, we find none of these cases actually reached judgment on the merits with respect to the rights at issue in this matter.

**{¶ 54}** The most recent of the cases to be decided was *Kuyoth*, 2016-Ohio-1395, which was decided in March 2016 (15 years after *Hammond*).  The issue of appellant's easement and the scope thereof had not been addressed.  *Id.* at ¶ 2.

**{¶ 55}** Specifically, we stated that "[a]ppellants have ingress and egress rights to Dwelle Lane, and those rights are not at issue in this case."  The alternative claims and remedy sought in *Kuyoth* were to establish Dwelle Lane as a public street.  *Kuyoth v. Village of Kelleys Island*, 2014-Ohio-1990, at ¶ 2.  We cannot say *Kuyoth* precludes appellant from now clarifying the scope of its rights.

**{¶ 56}** Moreover, we cannot say the final judgment in *Hammond* can be utilized to preclude appellant's claims here either.  *Hammond* dealt with appellant's easement rights to a private park.  This park is now the Yoests' property, and the *Hammond* court did not particularly contemplate rights with respect to Dwelle Lane.  The *Hammond* court actually implied access to the park did not involve Dwelle Lane, and thus that the two were separate and distinct properties, noting that "[o]nly a small portion of the park was cleared along Dwelle Lane that led to the shoreline of the lake."  *See Hammond*, 6th Dist.

14.

Erie No. E-00-044, 2001 Ohio App. LEXIS 2902, at *5.  Accordingly, although appellant was a plaintiff in *Hammond*, we cannot say the final judgment in that case precludes its claims in this case.

{¶ 57} "[I]ssue preclusion* * * holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies[.]" *See Frank v. Simon*, 6th Dist. Lucas No. L-06-1185, 2007-Ohio-1324, ¶ 8.  For this doctrine to apply, the following elements must be met:

> (1) The party against whom estoppel is sought was a party or in
> privity with a party to the prior action; (2) there was a final judgment on the
> merits in the previous case after a full and fair opportunity to litigate the
> issue; (3) the issue must have been admitted or actually tried and decided
> and must be necessary to the final judgment; and (4) the issue must have
> been identical to the issue involved in the prior suit.

*Id*. at ¶ 9, citing *Monahan v. Eagle Picher Industries, Inc.*, 21 Ohio App.3d 179, 486 N.E.2d 1165 (1st Dist.1984), at paragraph one of syllabus.

{¶ 58} Here, although worded as if solely an assertion of claim preclusion, appellees' appellate brief does not specify whether they are also applying issue preclusion.  We will, nevertheless, address the issue.

{¶ 59} We find the first two elements in *Frank*, *supra*, met because appellant and appellees (or those in privity) were parties in these past cases, and because there were

15.

final judgments on the merit in these past cases after full and fair opportunities to litigate. The third and fourth elements, however, are not met because the primary legal and factual issues were not necessary to the final judgments, and because the legal and factual issues were not necessarily identical in the past suits. The past cases neither established the scope of the specific easement rights at issue (despite acknowledging that such rights indeed existed), nor found the issues of ownership of Dwelle Lane or whether the lane extends to the shoreline necessary for the final judgments.

{¶ 60} Accordingly, res judicata does not bar appellant's claims or the determination of the related legal and factual issues presented. The sole assigned error is found well-taken.

### Conclusion

{¶ 61} The judgment of the Erie County Court of Common Pleas is reversed. The matter is remanded for further proceedings consistent with this decision. Appellees are ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

16.

Mark L. Pietrykowski, J.                                 _____

                                                                JUDGE

Arlene Singer, J.                                     
                                                                _____

Thomas J. Osowik, J.                                                 JUDGE
CONCUR.

                                                                _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.